

**U.S. Department of Justice**

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*      *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 11, 2025

Eliza Jimenez
Federal Public Defender's Office
51 Sleeper St., 5th Floor
Boston, MA 02210

      Re:    United States v. Thomas Gynan
                Criminal No. 25-cr-10049-IT

Dear Attorney Jimenez:

     The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Thomas Gynan ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

     No later than August 15, 2025, Defendant will plead guilty to counts one through six of the Indictment:

- Distribution of and Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (counts one and three);
- Distribution of and Possession with Intent to Distribute 5 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (count two);
- Unlawful Transfer and Possession of a Machine Gun in violation of 18 U.S.C. § 922(o) (count four);
- Possession with Intent to Distribute 500 grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) (count five); and
- Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count six).

1

Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

2. <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties:

- <u>Counts One and Three</u>:  Incarceration for a minimum of 10 years and maximum of life; supervised release for a minimum of five years and a maximum of life; a maximum fine of $10 million; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

- <u>Counts Two and Five</u>: Incarceration for a minimum of 5 years and maximum of 40 years; supervised release for a minimum of four years and a maximum of life; a maximum fine of $5 million; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

- <u>Count Four</u>: Incarceration for a maximum of 10 years; supervised release for a maximum of three years; a maximum fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

- <u>Count Six</u>: Incarceration for a minimum of five years and a maximum of life to be served consecutively to any sentence received for the drug-trafficking crimes charged in this Indictment; supervised release for a maximum of three years; a maximum of a $250,000 fine; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

3. <u>Sentencing Guidelines</u>

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 31:

> 1. Defendant's base offense level for Counts One, Two, Three, and Five is 32, because the defendant was responsible for at least 3,000 kilograms but less than 10,000 kilograms of converted drug weight (289 grams of methamphetamine and 985 grams of cocaine) (USSG § 2D1.1(c)(4));
>    a. Defendant's offense level is increased by 2 because Defendant maintained a premises for the purpose of distributing a controlled substance (USSG § 2D1.1(b)(12));
>
> 2. Defendant's base offense level for Count Four is 18, because the defendant possessed a machine gun as defined by 26 U.S.C. § 5845(b) (USSG § 2K2.1(5));
>    a. Defendant's offense level is increased by 4 because Defendant possessed

       the firearm in connection with another felony offense (USSG § 2K2.1(b)(6)).

3. With respect to Count Six, the Guideline sentence is the minimum term of imprisonment required by statute, which, under 18 U.S.C. § 924(c) is a five-year sentence to run consecutively to any term of imprisonment imposed for the underlying drug-trafficking offense (USSG § 2K2.4(b)).

4. These counts group together, making the offense level for all charges 34. (USSG § 3D1.2(d));

5. Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

    4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration at the low end of the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

    b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 60 months of supervised release;

      d) a mandatory special assessment of $600, which Defendant must pay to the Clerk of the Court by the date of sentencing;

      e) forfeiture as set forth in Paragraph 6.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

      5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

      a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

      b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. a Marlin model 55, 12-gauge shotgun, bearing serial number 71328350;

b. a Sig Sauer model Sp2022, 9 millimeter pistol, bearing serial number 24B203779;

c. a Smith & Wesson model M&P Bodyguard 380, .380 caliber pistol, bearing serial number KEV3986;

d. a Canik55, model T120, 9 millimeter pistol, bearing serial number 15G00141;

e. 36 rounds of 9mm ammunition; and

f. 11 rounds of .380 caliber ammunition.

Defendant admits that these assets are subject to forfeiture on the grounds that they were involved in Defendant's offense set forth in Count Six of the Indictment. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to

Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney John O. Wray

Sincerely,

LEAH B. FOLEY
United States Attorney

By: *Stephen W. Hassink*
Stephen Hassink
Chief, Narcotics and Money Laundering Unit

John O. Wray
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Thomas Gynan
Defendant

Date: _____June 26, 2025_____

I certify that Thomas Gynan has read this Agreement and that we have discussed what it means. I believe Mr. Gynan understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Eliza Jimenez
Attorney for Defendant

Date: _____6/26/25_____